Mr. William Baird Detention Administrator Indian River County Department of Detention 1725 — 17th Avenue Vero Beach, Florida 32960
Dear Mr. Baird:
This is in response to your request for an Attorney General Opinion regarding substantially the following question:
 WHAT IS THE MEANING OF THE PHRASE "MINOR CRIMINAL BEHAVIOR" AS USED IN s. 394.461(4)(e), F.S. (1984 SUPP.)?
Mental health services in Florida are provided within the statutory framework of Ch. 394, F.S. Part I, of this chapter, designated as the Florida Mental Act (also known as "The Baker Act"), was enacted in 1971 and became effective in 1972. The Baker Act provides definitions, criteria and procedures for the voluntary and involuntary treatment of mentally ill persons, and establishes a bill of rights for persons who are treated for mental illness. These rights include a right to treatment in the least restrictive setting available; the right to individual dignity, including a prohibition against treating mentally ill persons in the same manner as criminals; the right to provide consent to treatment and the right to refuse treatment; the right to quality treatment; the right to confidentiality of information regarding one's mental illness and its treatment; and the right to habeas corpus. See, s. 394.459, F.S. (1984 Supp.). The act establishes procedural guidelines for the detention, examination, and treatment of persons in emergency situations as well as describing the civil commitment process and the procedure for continuing the placement for hospitalization of persons in need of further treatment for mental illness. See, House of Representatives, Staff Analysis, CS/HB 1273 (codified as Part I, Ch. 394, F.S. [1984 Supp.], Committee on Health and Rehabilitative Services; and ss. 394.463, F.S. (1984 Supp.) (involuntary examination); 394.467, F.S., as amended by s. 28, Ch. 85-167, Laws of Florida (involuntary placement); 394.465, F.S. (voluntary admissions).
Section 394.461(4)(e), F.S. (1984 Supp.), provides that
 When law enforcement custody for a mentally ill person is based on either noncriminal behavior or minor criminal behavior, the law enforcement authority shall transport the person to a receiving facility for evaluation. When a law enforcement officer has arrested a person for a felony involving a crime of violence against another person, such person should be processed in the same manner as any other criminal suspect, notwithstanding the fact that the arresting officer has reasonable grounds for believing that the person's behavior meets statutory guidelines for involuntary examination pursuant to s. 394.463. When a law enforcement officer has arrested a person for a felony involving a crime of violence against another person and it appears that the person meets the statutory guidelines for involuntary examination or involuntary placement, the law enforcement agency shall immediately notify the designated receiving facility, which facility shall be responsible for promptly arranging for evaluation and treatment of the patient. The law enforcement agency shall subsequently notify the receiving facility in writing. The costs of evaluation and treatment incurred under this subsection may be recovered as provided in s. 901.35.
Words in statutes should be given the meaning accorded to them in common usage unless a different connotation is expressed in or necessarily implied from the context of the statute in which they appear. See, Gaulden v. Kirk, 47 So.2d 567, 574 (Fla. 1950); Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958). See generally, 30 Fla.Jur. Statutes s. 81. As no definition of "minor" or "minor criminal behavior" has been provided in Ch. 394, F.S., from which guidance may be obtained, the term must be construed in its plain and ordinary sense. I have found no dictionary or judicial definition of the phrase "minor criminal behavior"; however, the word "minor" has been defined as: less, of less consideration, lower, Black's Law Dictionary 1148 (Rev. 4th ed.); not serious, important, dangerous, The Random House Dictionary of the English Language 913 (Unabridged ed. 1967); slight, trivial or unimportant as contradistinguished from material, substantial and significant, inferior in bulk, degree, importance, etc., less, smaller, as minor division, of minor importance, 58 C.J.S. Minor p. 809. See also, Frank v. Russell, 70 N.W.2d 306, 310 (Neb. 1955) (the word "minor" is a relative term indicating a situation of inferior degree or importance and has no technical or specific significance). Cf., 18 U.S.C.S. s. 3401(f) (Title 18 U.S.C.S. is entitled "Crimes and Criminal Procedure") provides that "the term `minor offenses' means misdemeanors punishable under the laws of the United States, the penalty for which does not exceed imprisonment for a period of one year, or a fine of not more than $1,000, or both, except that such term does not include any offense punishable (under certain, specified sections); this section was amended by Act Oct. 10, 1979, P.L. 96-82, s. 7(C),93 Stat. 646, which substituted "misdemeanors" for "minor offenses"; and see, 18 U.S.C.S. s. 1(3), subdividing the designation "misdemeanor" by creating a class of misdemeanors of minor gravity to be known as "petty offenses." Thus, it would appear that "minor criminal behavior" is criminal behavior which is not dangerous, or not as serious as other criminal behavior.
From an examination of the legislative history surrounding the enactment of s. 7, Ch. 84-285, Laws of Florida, it appears that the legislative committees involved in drafting this legislation, primarily the Health and Rehabilitative Services Committee of the Florida House of Representatives, considered the American Bar Association Standard for Criminal Justice 7-2.5 (2d Ed. 1980), promulgated by the American Bar Association, Standing Committee on Association Standards for Criminal Justice and incorporated portions thereof in s. 394.461(4)(e). Standard 7-2.5(a)-(b) provides as follows:
 (a) When police custody of a mentally ill or mentally retarded person is based exclusively on either noncriminal behavior or minor criminal behavior, the police should either transport the person to an appropriate facility for evaluation or negotiate a voluntary disposition as provided for in standard 7-2.3.
 (b) When a police officer has arrested a person for a felony or other serious crime, however, such person should be processed in the same manner as any other criminal suspect notwithstanding the fact that the arresting officer has reasonable grounds for believing that the person's behavior meets statutory and departmental guideline requirements for emergency detention for mental evaluation. In those cases, and as soon as possible following arrest, the police should arrange for a mental health or mental retardation professional to provide evaluation, treatment or habilitation.
The language of this provision distinguishes minor criminal behavior or noncriminal behavior from behavior which constitutes a felony and suggests that actions taken by a law enforcement officer be based on such a distinction. Based upon such language, it would appear that it was not the intent of the American Bar Association Committee to include felonious behavior or other serious criminal behavior within the scope of the phrase "minor criminal behavior."
Section 394.461(4)(e), F.S. (1984 Supp.), however, speaks to and distinguishes minor criminal behavior from noncriminal behavior and from "a felony involving a crime of violence against another person" rather than from felonious behavior generally. Thus, the phrase "minor criminal behavior" as used in s. 394.461(4)(e), F.S. (1984 Supp.), does not appear to encompass noncriminal behavior or felonies involving crimes of violence against another person; felonies which do not involve crimes of violence against another person, however, are not distinguished from the phrase "minor criminal behavior" nor are such crimes otherwise provided for within the statute. In light of this and in the absence of any legislative or judicial direction on this issue, I cannot therefore state that the phrase "minor criminal behavior" is limited to crimes chargeable as misdemeanors and would not include felonies not involving crimes of violence against another person.
In sum, in the absence of any legislative or judicial determination to the contrary, I am of the opinion that the phrase "minor criminal behavior" as used in s. 394.461(4)(e), F.S. (1984 Supp.), refers to criminal behavior which is not dangerous or not as serious as other criminal behavior; moreover, in light of the language of s. 394.461(4)(e) which distinguishes "minor criminal behavior" from noncriminal behavior or felonies involving crimes of violence against another person, I am of the opinion that "minor criminal behavior" is not limited to crimes chargeable as misdemeanors but may include felonies which do not involve violence against another person.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General